IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William Harry Meyer, ) | Civil Action No. 4:09-70105-TLW |
| ) | Criminal No. 4:07-1181-TLW |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, William Harry Meyer ("Petitioner") entered a plea of guilty to Count 10 of the indictment on march 31, 2008. (Doc. # 50). Count 10 charged Petitioner with transferring obscene matter to a minor, in violation of 18 U.S.C. § 1470. Defendant was sentenced to 120 months imprisonment. (Doc. # 58). Judgment was entered on November 18, 2008. No notice of appeal was filed.

On October 22, 2009, Petitioner filed the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence which is now pending before this Court. (Doc. # 63). The United States of America ("Government") filed a Response and Motion for Summary Judgment on March 12, 2010. (Doc. # 73). Petitioner filed a motion for summary judgment on January 27, 2011. (Doc. # 75).

## 28 U.S.C. § 2255

United States Code Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the

court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. It is established that "[a] petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." White v. United States, 352 F.Supp.2d 684, 686 (E.D.Va., 2004), (citing Miller v. United States, 261 F.2d 546 (4th Cir.1958)).

The Fourth Circuit has noted that "[u]nless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief, the statute makes a hearing mandatory." Raines v. United States of America, 423 F.2d 526, 529 (4th Cir. 1970). However, the Fourth Circuit has also noted that "there is a permissible intermediate step that may avoid the necessity for an expensive and time consuming evidentiary hearing in every Section 2255 case," and that "[i]t may instead be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to included letters, documentary evidence, and in an appropriate case, even affidavits." Id. at 529-30. In this case, both the Petitioner and the Respondent have supplemented their filings with sworn affidavits. The Court concludes, based on the content of these affidavits, that this case is appropriate for disposition at this stage without the need for an additional evidentiary hearing.

## **DISCUSSION**

Petitioner asserts in his motion, among other claims, that his counsel was ineffective for failing to file a notice of appeal after being instructed to do so. While the Government argues that Petitioner's plea agreement included an appeal waiver and that Petitioner was aware he was waiving his right to appeal, Petitioner nonetheless instructed his counsel to file a notice of appeal.

2

"Failure to file a notice of appeal from a criminal conviction [after being expressly instructed to do so] is *per se* ineffective assistance of counsel." Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). Additionally, the Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal when requested deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). This deprivation of the right to appeal entitles Petitioner to relief under 28 U.S.C. § 2255. See Id. The Fourth Circuit clarified that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007). Thus, the Fourth Circuit concluded that an appeal must be filed when the client so desires, regardless of whether the plea agreement contains an appeal waiver.

Upon consideration of the evidence submitted in this case, the Court finds that Petitioner has sufficiently met his burden of proof with respect to his claim that his counsel failed to file a notice of appeal on his behalf. On October 22, 2008, Petitioner was convicted and sentenced. That same day, Petitioner filed a notice of his Right to Appeal. (Doc. # 56). The box next to the language, "I do want to appeal," is clearly checked, and the form contains Petitioner's signature and the date it was signed. Moreover, an affidavit from Petitioner's counsel indicates that Mr. Meyer requested his attorney to file a notice of appeal. (Doc. # 75-2). Finally, Petitioner has submitted a letter from trial counsel addressed to Petitioner, dated November 10, 2008. (Doc. # 75-3). In this letter trial counsel stated, "as you know, you filed an Intent to Appeal your conviction and you should be contacted by appointed counsel to deal with that." (Doc. # 75-3).

Under these circumstances, this Court concludes it is appropriate to allow the appeal to proceed. A hearing in this matter would not change the outcome of this decision. Therefore, the Court grants the Petitioner relief under 28 U.S.C. § 2255 allowing him to proceed with an appeal.

## **CONCLUSION**

For the foregoing reasons, so stated, it is **HEREBY ORDERED** that Petitioner's motion for relief under 28 U.S.C. § 2255 is **GRANTED** only with respect to Petitioner's claim that his attorneys failed to file a timely notice of appeal on his behalf**.** Therefore, the Court hereby vacates Petitioner's sentence of conviction and immediately reinstates and reimposes his conviction. The remainder of Petitioner's claims are **DISMISSED** without prejudice. See United States v. Killian, No. 01-7470, 2001 WL 1635590 at *1 (4th Cir. 2001)(unpublished).

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

September 22, 2011
Florence, South Carolina